928 F.2d 407
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James KOBS, Defendant/Appellant.
 No. 90-2246.
 United States Court of Appeals, Seventh Circuit.
 Argued March 5, 1991.
Decided March 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 89 CR 153, J.P. Stadtmueller, Judge.
 E.D.Wis.
 AFFIRMED.
 Before BAUER, Chief Judge, POSNER, Circuit Judge and Eschbach, Senior Circuit Judge.
 ORDER
 James Kobs pled guilty to conspiracy to possess marijuana with intent to deliver. Kobs appeals the enhancement of his sentence for obstruction of justice under Section 3C1.1 of the United States Sentencing Commission Guidelines (the "Guidelines"). We affirm.
 While free on bond and awaiting sentencing, Kobs submitted to a urinalysis test by the United States Probation Office, which tested positive for the presence of valium, marijuana, and cocaine. When his probation officer confronted him with the positive test results, Kobs initially denied using any of the drugs. Later, Kobs admitted using valium for muscle spasms, but he continued to deny using cocaine or marijuana.
 At sentencing, the district court heard testimony and found that Kobs lied to the probation officer when he denied using marijuana and cocaine even after his probation officer informed him that his urine specimen tested positive for those drugs. Kobs' counsel did not dispute the court's conclusion. Relying on United States v. Jordan, 890 F.2d 968, 973 (7th Cir.1989), the court determined that Kobs' conduct amounted to an obstruction of justice under Guidelines Sec. 3C1.1 and enhanced his sentence.
 Guidelines Sec. 3C1.1 requires that the district court increase the defendant's base offense level by two if the defendant "willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense." A sentencing court's determination that a defendant obstructed justice is a finding of fact which will be overturned only if it is clearly erroneous. United States v. Jordan, 890 F.2d at 973. "However, the interpretation of a term of the Sentencing Guidelines, like statutory interpretation, is a question of law subject to de novo review on appeal." United States v. Teta, 918 F.2d 1329, 1332 (7th Cir.1990).
 Kobs contends that the court erred in enhancing his sentence because lying to the probation office about his drug use while awaiting sentencing is not a material falsehood, thus it can not serve as a basis for a finding of obstruction of justice. Kobs argues that in order for a falsehood to be material under Guidelines Sec. 3C1.1 it must be made in furtherance of the conviction. This circuit does not define "materiality" so narrowly. We recently upheld a Guidelines Sec. 3C1.1 enhancement for providing false information to a probation officer preparing a pre-sentence report. In Jordan, the defendant was convicted of possession with intent to distribute cocaine. 890 F.2d at 969. The district court enhanced Jordan's sentence under Sec. 3C1.1, finding that Jordan obstructed justice when he lied to his probation officer about using cocaine while awaiting sentencing. Id. at 973. We affirmed the sentence imposed by the district court. Id.
 
 
 1
 In finding Jordan's conduct to be material, this court stated "Jordan's drug abuse during the pendency of his drug dealing prosecution was directly relevant to both the Probation Office and the district court in determining how Jordan's case should be handled." Id. We also found that Jordan's actions in lying to the probation officer about drug use were material because that type of conduct impeded the court's and the Probation Office's ability to monitor the behavior of convicted defendants. Id. See also United States v. Ojo, 916 F.2d 388, 393 (7th Cir.1990) (holding that the defendant's "action in providing false information to the pretrial services officer, who was conducting the bail investigation for the court, falls squarely within" the conduct prescribed by Guidelines Sec. 3C1.1).
 
 
 2
 Jordan controls this case. The facts in Kobs' case are indistinguishable from the facts in the Jordan case. Kobs argues that Jordan's other conduct while he awaited sentencing, two incidents of drug dealing, distinguish the cases. However, the district court relied only on Jordan's lies to the probation officer in enhancing his sentence under Guidelines Sec. 3C1.1. 890 F.2d at 973. While this court noted that Jordan's convictions for drug dealing bolstered the district court's determination that Jordan willfully obstructed justice, we did not hold that they were dispositive of its determination. Id. Kobs further attempts to distinguish Jordan by arguing that his false statements regarding drug use while on bond were not linked to the prosecution because they did not affect his sentence. We disagree. As in Jordan, Kobs' false statement about drug use was relevant to the Probation Office's pre-sentence investigation and the court's determination of Kobs' sentence. See United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir.1990) (probation officer's presentence investigation and report is conducted to assist the district court in sentencing).
 
 
 3
 Kobs' conduct was sufficiently linked to his prosecution to merit an enhancement under Guidelines Sec. 3C1.1. Kobs' action in lying to the probation officer impeded the Probation Office's ability to conduct an accurate pre-sentence investigation and hindered the court's ability to fairly assess Kobs' conduct in sentencing him. Reviewing the record regarding the district court's factual findings deferentially and in plenary fashion with respect to the Guideline's term "material falsehood", the district court correctly enhanced Kobs' sentence under Guidelines Sec. 3C1.1.
 
 
 4
 Kobs' other arguments merit less discussion. Kobs contends that he lied to the probation officer because he was embarrassed; therefore his conduct was not a "willful" obstruction of justice as required by Guidelines Sec. 3C1.1. The sentencing transcripts do not indicate that the district court made an explicit finding that Kobs' conduct amounted to a willful obstruction of justice. However, Kobs never made this argument before the district court; therefore, review of it on appeal is waived. See United States v. Lewis, 896 F.2d 246, 249 (7th Cir.1990). Additionally, Kobs' argument that his counsel was ineffective because he never challenged the accuracy of the urine test is a non-issue. Kobs conceded that he used drugs while free on bond at his sentencing hearing; therefore, the accuracy of the urine test is immaterial.
 
 Accordingly, we
 
 5
 AFFIRM.