963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Lou SIMS, Defendant-Appellant.
 No. 91-15698.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1992.*
Decided May 19, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Harold Lou Sims appeals pro se the district court's denial of his 22 U.S.C. § 2255 habeas corpus petition, challenging the district court sentence of twenty years for conspiracy to manufacture PCP in violation of 21 U.S.C. § 846, following entry of a plea of guilty. Sims raises five issues on this appeal.
 
 
 3
 1. Sims first contends that he was denied his right to counsel under the Sixth Amendment when the probation officer would not interview him in the presence of his lawyer. Since sentence was imposed in this case prior to this court's decision in United States v. Herrera-Figueroa, 918 F.2d 1430 (1990), it is not subject to the procedural rule announced in that case.
 
 
 4
 Sims did not raise this issue in the court below, so it is not properly before us on this appeal. Villar v. Crowley Maritime Corp., 782 F.2d 1478, 1483 (9th Cir.1986).
 
 
 5
 2. Sims next contends his guilty plea was involuntary because his actual sentence exceeded that promised by his attorney and the United States Attorney. However, at the time of the sentencing, the district court asked Sims, "Has anybody made any promises to you to get you to plead guilty other than the fact that the Government will dismiss Count II of the indictment against you at the time of sentencing?" Sims answered, "No, sir."
 
 
 6
 A presentence report was prepared and circulated to the defendant and his counsel. Neither the defendant nor the Government filed any objections to the report. There is no basis on this record to upset the district court's decision that the defendant's plea agreement had not been violated in view of the defendant's sworn statement that he had been made no promises other than that Count II would be dismissed, which was in fact done. "A disappointed hope for leniency does not, without more, render a guilty plea invalid." United States v. Henderson, 565 F.2d 1119, 1121 (9th Cir.1977), cert. denied, 435 U.S. 955 (1978).
 
 
 7
 3. Sims claims the trial court erred when it denied his motion under FED.R.CRIM.P. 32(d) to withdraw his guilty plea. This claim was not specifically ruled on below. Rule 32(d) provides:
 
 
 8
 If a motion for withdrawal of plea of guilty ... is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing of the defendant of any fair and just reason.
 
 
 9
 In the district court, Sims argued that his Rule 32(d) motion should have been granted because the presentence report was incorrect. However, neither there nor here has Sims pointed out how the presentence report was in error, nor did Sims object to the presentence report at the time of sentencing. The sentencing court's ruling that objections concerning the presentence report should have been made prior to sentencing is consistent with this court's interpretation of Rule 32(c)(3)(A). United States v. Lopez-Cavasos, 915 F.2d 474, 478 (9th Cir.1990).
 
 
 10
 4. Sims contends that his conviction should be set aside because he was not brought to trial within the limits set forth in the Speedy Trial Act and Rule 48(b) of the Federal Rules of Criminal Procedure. However, when the excludable time is deducted from the period between Sims' indictment and trial, the trial was commenced prior to the expiration of the time allowed. See 18 U.S.C. § 3161(h)(1)(F). Moreover, a defendant is entitled to relief only if he moves for dismissal prior to trial or entry of a plea of guilty. The failure to make such a motion constitutes a waiver of the right to dismissal. 18 U.S.C. § 3162(a)(2). The same is true under Rule 48. See, e.g., United States v. Doyle, 348 F.2d 715, 718-19 (2d Cir.), cert. denied, 382 U.S. 843 (1965).
 
 
 11
 5. Finally, Sims claims he was denied his Sixth Amendment right to effective assistance of counsel. Under the well-known standard of Strickland v. Washington, 466 U.S. 668 (1984), the petitioner has to show both that the conduct of counsel fell below an objective standard of reasonable professional assistance and that the conduct prejudiced petitioner in presentation or in his defense. Even if we assume, for purposes of argument, that the actions of Sims' counsel were deficient, it does not appear that his defense was thereby prejudiced.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3