978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard R. HARRIS, Defendant-Appellant.
 No. 92-50020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard R. Harris appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct his sentence. Harris was convicted, following a jury trial, on 32 counts of mail fraud, bank fraud, and interstate transportation of forged securities, in violation of 18 U.S.C. §§ 1341, 1344, and 2314. The district court sentenced Harris to five years imprisonment followed by five years supervised release. Harris contends that the district court abused its discretion by denying his Rule 35(a) motion. In his motion Harris claimed that his sentence was illegal because: the order of restitution was unconstitutional as applied to him; he was required to pay an unconstitutional special assessment; and he was denied effective assistance of counsel at his presentence interview. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's denial of a Rule 35 motion to correct a sentence.[1] United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986).
 
 
 4
 We previously upheld Harris' order of restitution under 18 U.S.C. § 3579(e)(1). United States v. Harris, 928 F.2d 409 (9th Cir.1991) (Table) (affirming the district court's denial of Harris' Rule 35(b) motion). Additionally, the Supreme Court has upheld the constitutionality of special assessments awarded pursuant to 18 U.S.C. § 3013. United States v. Munoz-Flores, 495 U.S. 385, 401 (1990); accord United States v. Bosch, 914 F.2d 1239, 1248 (9th Cir.1990). Therefore, the only issue we reach is whether Harris was denied effective assistance of counsel at his presentence interview.
 
 
 5
 A presentence interview does not constitute a "critical stage" in the adversarial process, and therefore, the sixth amendment does not require that a defendant be allowed to have his attorney present during the interview. Bauman v. United States, 692 F.2d 565, 578 (9th Cir.1982). Nevertheless, we prescribed a procedural rule, as an exercise of our supervisory power, that a defendant must be allowed to have his attorney present during the presentence interview. United States v. Herrera-Figueroa, 918 F.2d 1430, 1433 (9th Cir.1990). We have limited application of this new rule to present cases and cases that were not yet final when we decided Herrera-Figueroa. See, eg. United States v. Rodriguez-Razo, 962 F.2d 1418, 1422 (9th Cir.1992) (application of rule allowing defendant to have his attorney present during presentence interview was not a retroactive application because Herrera-Figueroa was decided prior to defendant's sentencing).
 
 
 6
 Here, counsel for Harris was not present during Harris' presentence interview, although, prior to the interview, his counsel was able to advise Harris not to discuss the case with the probation officer. Harris was sentenced and his conviction upheld prior to this court's decision in Herrera-Figueroa. We decline to apply, retroactively, the rule prescribed in Herrera-Figueroa to Harris' case. Accordingly, we find that the absence of Harris' counsel during the presentence interview did not violate Harris' sixth amendment right to effective assistance of counsel. See Bauman, 692 F.2d at 578.
 
 
 7
 The district court properly denied Harris' 35(a) motion for correction of his sentence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Rule 35(a) has since been substantially amended, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987 provides:
 The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 Fed.R.Crim.P. 35(a) (prior to November 1, 1987 amendment).