5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto NUNEZ-OROZCO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel MERCADO-CONTRERAS, Defendant-Appellant.
 Nos. 92-30266, 92-30296.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1993.
Decided Aug. 20, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; D.C. No. CR-91-2175-AAM, D.C. No. CR-91-2174-AAM; Alan A. McDonald, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Humberto Nunez-Orozco, Israel Mercado-Contreras, and Salvador Nunez-Ramos were charged in a single count indictment with conspiracy to import heroin into the United States, in violation of 21 U.S.C. Sec. 846. After waiving their right to a jury trial, Nunez-Orozco and Mercado-Contreras were convicted in a bench trial. We have jurisdiction over their timely appeals pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Sufficiency of the Evidence
 
 3
 Nunez-Orozco and Mercado-Contreras challenge on sufficiency of the evidence grounds their convictions for conspiracy to import heroin. In considering a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 4
 "The essential elements of a conspiracy are: '(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.' " United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991) (quoting United States v. Meyers, 847 F.2d 1408, 1412-13 (9th Cir.1988)). "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict defendant of knowing participation in the conspiracy." United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987); see also United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990).
 
 
 5
 To support Nunez-Orozco and Mercado-Contreras's convictions for conspiracy to import heroin, the government offered Nunez-Ramos's testimony that Nunez-Orozco had solicited him into the conspiracy, that Nunez-Ramos's arrest occurred on what was his third importation trip, that Mercado-Contreras had financed the trips, and that Mercado-Contreras had provided him with the essentials of each trip immediately prior to his departure. The government generally corroborated this testimony with evidence that a Western Union Money Transfer sent from Yakima, Washington, to Nunez-Ramos in Visalia, California, on October 18, 1991, listed Nunez-Orozco as the sender; that another money transfer to Nunez-Ramos, on September 18, listed Mercado-Contreras as the sender; that the dates of the transfers corresponded to the dates on which Nunez-Ramos bought airline tickets to Guadalajara, Mexico, and returning to Yakima, Washington; that several phone calls were made from Mercado-Contreras's residence in Yakima to Nunez-Ramos in Dinuba, California; and that these phone calls generally occurred about two days prior to Nunez-Ramos's scheduled departure for Mexico. Finally, the government offered evidence that on October 12, 1991, Nunez-Orozco, accompanied by Mercado-Contreras, drove his car to the Yakima airport to pick up Nunez-Ramos, who was carrying heroin in his shoe at the time.
 
 
 6
 Considering that "[t]he uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face," United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987), we have little difficulty concluding that the evidence amply supports Nunez-Orozco and Mercado-Contreras's convictions for conspiracy to import heroin.
 
 II. Ineffective Assistance of Counsel
 
 7
 Mercado-Contreras claims that his trial counsel was ineffective and that he was denied due process by this ineffectiveness. We review de novo whether a defendant received ineffective assistance of counsel. See United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 
 8
 The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. Sec. 2255. See United States v. Sanclemente-Bejarano, 861 F.2d 206, 211 (9th Cir.1988) (per curiam); United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). However, we may consider such claims on direct appeal if the record is sufficiently complete to permit review and determination of the issue, see Swanson, 943 F.2d at 1072, or in the rare case "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). Because neither of these situations apply here, we refuse to reach Mercado-Contreras's ineffective assistance of counsel claim.[1]
 
 III. The Sentencing Guidelines
 
 9
 Nunez-Orozco and Mercado-Contreras also claim that the district court erred in determining that the amount of heroin involved in the conspiracy exceeded 800 grams. Mercado-Contreras further claims that the district court erred in determining that he was an organizer, leader, manager, or supervisor of the conspiracy. We review de novo a district court's application of the Sentencing Guidelines, see United States v. Chavez-Gutierrez, 961 F.2d 1476, 1479 (9th Cir.1992), and for clear error the district court's factual findings. See United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). Finally, we must give " 'due deference to the district court's application of the guidelines to the facts.' " Chavez-Gutierrez, 961 F.2d at 1479 (quoting United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990)).
 
 A. U.S.S.G. Sec. 2D1.4
 
 10
 In sentencing Nunez-Orozco and Mercado-Contreras, the district court multiplied the amount of heroin actually seized at the time of the their arrests (267.2 grams) by the total number of importation trips Nunez-Ramos testified to having made (three), resulting in a total of 801.6 grams. The district court did so in reliance on Sec. 2D1.4[2] of the Sentencing Guidelines, in particular, Application Note 2, which provides:
 
 
 11
 Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider, for example, ... similar transactions in controlled substances by the defendant....
 
 
 12
 U.S.S.G. Sec. 2D1.4, comment (n. 2) (1988) (emphasis added).
 
 
 13
 This court previously has approved similar usage of Application Note 2. See, e.g., United States v. Williams, 989 F.2d 1061, 1072-74 (9th Cir.1993) (approximating quantity of controlled substance involved in conspiracy from size and capability of laboratory); United States v. Hill, 953 F.2d 452, 460-61 (9th Cir.1991) (approximating quantity of controlled substance involved i phone calls that Nunez-Ramos contends were to give him the essential details of the trips; (2) Mercado-Contreras arranged the method and time of delivery of the heroin; (3) and Mercado-Contreras paid for Nunez-Ramos's travel to Guadalajara and return to Yakima, met him on his return trips to Yakima, and paid for his bus tickets back to Dinuba.
 
 
 14
 These factual findings are not clearly erroneous. Giving due deference to the district court's application of Sec. 3B1.1(c) to these facts, we conclude that the district court properly determined that Mercado-Contreras was an organizer, leader, manager, or supervisor of the conspiracy.
 
 
 15
 IV. The U.S. Probation Department's Pretrial Recommendation
 
 
 16
 Finally, Nunez-Orozco claims that his constitutional rights were y the U.S. Probation Department's recommendation to the district court of a higher sentence than that represented pretrial. In particular, Nunez-Orozco finds fault with the U.S. Probation Department's pretrial indication to defense counsel that, based on the preliminary information, the two earlier trips of Nunez-Ramos to Guadalajara could not be used in the district court's quantity calculations.
 
 
 17
 First, Nunez-Orozco claims that United States v. Laub, 385 U.S. 475 (1967), Cox v. Louisiana, 379 U.S. 559 (1965), and Raley v. Ohio, 360 U.S. 423 (1959), which stand for the proposition that a defendant may not be punished for actions taken in good faith reliance upon authoritative assurances that he will not be punished for those actions, establish that his constitutional rights were violated by the imposition of a sentence higher than that indicated pretrial. However, because Nunez-Orozco cannot claim that he took action based on assurances that he would not be punished for that action, those cases are patently inapposite, and we reject this claim.
 
 
 18
 Second, at most, Nunez-Orozco can claim only that he proceeded to trial in reliance on the indications of the U.S. Probation Department's judgment that Nunez-Ramos's first two trips to Guadalajara would not be considered in sentencing. However, the district court is not bound by such promises. See United States v. Herrera-Figueroa, 918 F.2d 1430, 1435 (9th Cir.1990) (acknowledging that "the presentence report is not binding on the district court"). Moreover, it appears the government informed defense counsel that it would ask the district court to utilize the "additional amounts" of heroin in its sentencing calculation. Accordingly, we reject this claim as well.
 
 
 19
 Finally, as the district court pointed out, the case most analogous to this is Robtoy v. Kincheloe, 871 F.2d 1478 (9th Cir.1989), cert. denied, 494 U.S. 1031 (1990). In Robtoy, the defendant pleaded not guilty, was tried and convicted, and was sentenced to life without parole. The defendant argued that he was denied due process because his right to make a voluntary and intelligent plea was denied when he was not informed at his arraignment that a plea of guilty would result in a maximum sentence of life with parole. The court rejected his argument.
 
 
 20
 Although Robtoy may have been misinformed by his counsel and the court as to the consequences of a guilty plea, he did allow a plea of not guilty to be entered for him. Thus, he cannot argue he was coerced to give up the rights inherent in a trial.
 
 
 21
 Id. at 1481-82. Likewise, having exercised his right to a trial, Nunez-Orozco cannot argue that he was coerced into giving up any right inherent in a trial.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mercado-Contreras also claims that he was denied due process because his counsel's performance relieved the government of its duty to prove his guilt beyond a reasonable doubt. See Swanson, 943 F.2d at 1073 ("When a defense attorney concedes that there is no reasonable doubt concerning the only factual issues in dispute, the Government has not been held to its burden of persuading the jury that the defendant is guilty."). However, because even if Mercado-Contreras's counsel performed as claimed, that performance would not be tantamount to an admission relieving the government of its burden of proof, we conclude that Swanson does not apply and reject Mercado-Contreras's due process claim
 
 
 [2]
 Section 2D1.4 provides that "If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed." United States Sentencing Commission, Guidelines Manual, Sec. 2D1.4 (1991)