Filed 6/28/23  P. v. Delgado CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE IGNACIO DELGADO,<br><br>    Defendant and Appellant. | H049947<br>(Monterey County<br> Super. Ct. Nos. 18CR006836,<br> 18CR007311) |

**THE COURT[1]**

Defendant Jose Ignacio Delgado appeals from the judgment imposed after he admitted to violations of probation.  For the reasons set forth below, we affirm the judgment.

**I. PROCEDURAL BACKGROUND[2]**

On August 2, 2018, the Monterey County District Attorney filed a criminal complaint in case number 18CR007311 charging Delgado with dissuading a witness by force (Penal Code, § 136.1, subd. (c)(1)[3]; count 1), battery on a cohabitant (§ 243, subd. (e)(1)); count 2), violation of criminal protective order (§ 166, subd. (c)(1)); count 3), and

---

[1] Before Greenwood, P. J., Grover, J. and Lie, J.

[2] The facts of the offense are not relevant to the analysis and disposition of the appeal and therefore we have omitted them.

[3] Undesignated statutory references are to the Penal Code.

resisting a peace officer (§ 148, subd. (a)(1)); count 4).  The complaint also contained a special allegation that Delgado committed count 1 while on bail (§ 12022.1, subd. (b)).

On August 3, 2018, the Monterey County District Attorney filed an information in case number 18CR006836 charging Delgado with corporal injury to a cohabitant (§ 273.5, subd. (a); count 1), criminal threats (§ 422, subd. (a); count 2), resisting a peace officer (§ 148, subd. (a)(1); count 3), and vandalism under $400 (§ 594, subd. (b)(2)(A); count 4).

On October 3, 2018, in case number 18CR006836, Delgado pleaded no contest to counts 1 through 3.  On the same day, in case number 18CR007311, Delgado pleaded no contest to counts 1, 2, and 4, and he admitted the special allegation as to count 1. Delgado entered into the pleas with the agreement that he would receive felony probation and that the remaining counts would be dismissed at sentencing.  Delgado was interviewed by the probation department on November 5, 2018, without his lawyer present.  On November 28, 2018, the trial court suspended imposition of sentence for both cases and placed Delgado on formal probation for three years.

On May 13, 2021, the probation department filed notices of violation of probation in both cases.  Delgado admitted the probation violations on January 14, 2022.  At the January 14, 2022 hearing, Delgado also entered a no contest plea in a new case, case number 21CR008602, to a misdemeanor charge of obstructing or resisting a police officer, in violation of section 148, subdivision (a)(1).  On February 2, 2022, a probation officer interviewed Delgado.  His lawyer was not present at the interview.

On March 9, 2022, the court terminated probation in both 2018 cases.  In case number 18CR007311, the court imposed the midterm of three years on count 1, plus a consecutive term of two years for the special allegation.  In case number 18CR006836, the court imposed at term of two years on count 1, for a total aggregate term of seven years on the two cases.  The court also imposed a sentence of time served in case number 21CR008602.

2

Delgado filed a timely notice of appeal and request for certificate of probable cause in cases number 18CR006836 and 18CR007311. The court denied the request for a certificate of probable cause.

## II. DISCUSSION

Delgado raises three sets of claims in his appeal. We address them in turn below.

### A. Counsel's Failure to Attend Presentence Interviews

Delgado argues that his Sixth Amendment right to counsel and his Fifth Amendment right against self-incrimination were violated because his counsel was not present at the presentence interviews with the probation department. The Attorney General contends that no constitutional violations occurred because there is no Sixth Amendment right to counsel at a presentence interview, and because Delgado did not invoke his Fifth Amendment right at the interviews. We agree with the Attorney General as to both of these contentions.

Regarding the Sixth Amendment claim, the denial of counsel at a critical stage of proceedings amounts to an unconstitutional deprivation of a fair trial that warrants a reversal of the conviction. (*United States v. Cronic* (2016) 466 U.S. 648, 659 (*Cronic*).) The term " 'critical stage' " was used in *Cronic* "to denote a step of a criminal proceeding, such as arraignment, that held significant consequences for the accused." (*Bell v. Cone* (2002) 535 U.S. 685, 695-696, fn. omitted.) Delgado points to no California or federal case that holds that a presentence interview after a plea or admission constitutes a critical stage of the criminal process requiring presence of counsel. Instead, in *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 320 (*Brown*), the California Court of Appeal held that there is no right to counsel in a probation interview. Similarly, in *Baumann v. United States* (9th Cir. 1982) 692 F.2d 565, 578 (*Baumann*), the Ninth Circuit Court of Appeals held that a presentence interview in a non-capital case does not constitute a critical stage of the adversary proceeding at which consultation with counsel is guaranteed by the Sixth Amendment. (See also *Brown v. Butler* (5th Cir. 1987) 811

3

F.2d 938, 941[citing *Baumann* and determining that a probation presentence interview is not a critical stage].)

Delgado maintains in the alternative that to the extent that his contention of Sixth Amendment error is contrary to the court's decision in *Brown*, there is a good faith basis for changing the law, citing to *United States v. Herrera-Figueroa* (9th Cir. 1991) 918 F.2d 1430, 1433 (*Herrera-Figueroa*). At issue in *Herrera-Figueroa* was the probation department's refusal to grant defendant's request to have counsel present at the presentence interview. (*Id.* at p. 1432.) The Ninth Circuit vacated and remanded Herrera-Figueroa's sentence and, citing its "supervisory power over the orderly administration of justice," stated that when a federal defendant requests that counsel accompany him to a presentence interview, "the probation officer must honor that request." (*Id.* at p. 1431.) But the court in *Herrera-Figueroa* did not hold that the defendant's constitutional right to counsel was violated due to counsel's absence from the presentence interview, and we are not persuaded that we should depart from the well-established law that post-conviction, presentencing interviews do not implicate the Sixth Amendment right to counsel based on this authority. Further, nothing in the record here reflects that Delgado requested that his attorney be present at the interviews or that the attorney was denied permission to attend, distinguishing Delgado's circumstances from those considered by the Ninth Circuit Court of Appeals in *Herrera-Figueroa*.

As to Delgado's Fifth Amendment claim, the court held in *Brown* that the privilege against self-incrimination "is not self-executing; rather it must be claimed." (*Brown*, *supra*, 101 Cal.App.4th at p. 320.) The court in *Brown* stated that "unless [defendant] specially invokes the privilege, shows he faces a realistic threat of self-incrimination and nevertheless is made to answer the question or questions, no violation of his privilege against self-incrimination is suffered. [Citations]" (*Ibid*.) Here, Delgado has not asserted that he invoked the privilege, let alone satisfied the two other

4

requirements. Therefore, he has not demonstrated that the presentence interviews violated his Fifth Amendment right against self-incrimination.

## B. Ineffective Assistance of Counsel

Delgado next contends that he was deprived of his Sixth Amendment right to effective assistance of counsel when trial counsel failed to attend his presentence interview. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and that he or she was prejudiced by that deficient representation. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688) (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) As to the first prong of the *Strickland* test, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. (*People v. Williams* (1997) 16 Cal.4th 153, 215.)

Counsel's failure to attend the presentence interviews was not a violation of Delgado's Fifth or Sixth Amendment rights, therefore his lawyer's performance did not fall below prevailing professional norms when he was not present at the probation interviews. Because Delgado has not shown that counsel's performance was deficient, we need not reach the prejudice prong of his ineffective assistance of counsel claim.

## C. Voluntariness of January 14, 2022 Admissions and No Contest Plea

Delgado argues that his admissions on January 14, 2022, to probation violations in cases number 18CR006836 and No. 18CR007311, as well as his no contest plea on that same day to resisting a police officer in case number 21CR008602, were not knowing and voluntary because the judge at the hearing did not advise him of the applicable standard of proof that would apply at a contested violation hearing or at a trial on the criminal charge.

Delgado did not file a notice of appeal in case number 21CR008602, therefore we do not have jurisdiction to reach his claim with respect to his no contest plea in that case.

5

As to his claim that his admissions to probation violations were not knowing and voluntary, the superior court denied Delgado's request for a certificate of probable cause to challenge the validity of his pleas in cases number 18CR006836 and No. 18CR007311. Accordingly, we may not reach this claim. (See § 1237.5 [no appeal may be taken from a revocation of probation following an admission of violation except where trial court has signed a certificate of probable cause]; Cal. Rules of Court, rule 8.304(b)(2) [certificate of probable cause is required after an admission of probation violation except for, as relevant here, appeals based on the sentence or other matters occurring after the admission that do not affect the validity of the admission].) We have no authority to waive any of the requirements for issuance of a certificate of probable cause. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 42.) Delgado's remedy for the trial court's denial of the certificate of probable cause was to file a petition for writ relief. "[W]here, as here, a certificate of probable cause has been denied, the appeal is not operative and the denial of the certificate must be reviewed by writ of mandate. . . . [¶] . . . 'When an appellate court considers an appeal on its merits in spite of the appellant's noncompliance with section 1237.5 and rule 31(d), it arrogates to itself the screening which should have taken place at the county level.' " (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188, italics omitted.)

## III. DISPOSITION

The March 9, 2022 judgment in cases number 18CR006836 and number 18CR007311 is affirmed.

6