James **BAYLESS**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 93–1039.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Jan. 21, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 22, 1994.*

James Ochs, St. Louis, MO, argued, for appellant.

Howard J. Marcus, St. Louis, MO, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

FAGG, Circuit Judge.

After partially granting James Bayless's 28 U.S.C. § 2255 motion to correct his pre-Guidelines sentence, the district court resentenced Bayless. Bayless appeals and we affirm.

Bayless and five others were charged with conspiring to distribute cocaine and marijuana from 1983 through 1986. Four of Bayless's coconspirators were quickly tried and convicted while Bayless remained at large.

---

* Heaney, Circuit Judge, would grant the petition for rehearing by the panel.

Three of the coconspirators were sentenced to parolable terms of imprisonment under the version of 21 U.S.C. § 841(b)(1)(B) in effect before October 27, 1986. The coconspirators appealed, and we reversed and remanded for resentencing because the coconspirators' drug activities straddled the effective date of § 841's amendment, which does not permit parole. *United States v. McConnell*, 903 F.2d 566, 572–73 (8th Cir.1990), *cert. denied*, 498 U.S. 1106, 111 S.Ct. 1011, 112 L.Ed.2d 1093, *and cert. denied*, 499 U.S. 938, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991).

Bayless was later apprehended and convicted of conspiracy to distribute cocaine and marijuana. Referring to our earlier decision in *McConnell*, the district court sentenced Bayless to a nonparolable ten-year term of imprisonment under the amended version of § 841(b)(1)(B). We affirmed Bayless's conviction and sentence on direct appeal. *United States v. Bayless*, 940 F.2d 300 (8th Cir. 1991). Bayless then filed a motion under 28 U.S.C. § 2255 asserting he should have been sentenced to a parolable term under the earlier version of 21 U.S.C. § 841(b)(1)(B), because the statute's amendment became effective after he affirmatively withdrew from the conspiracy. Bayless thus asserted his sentence under the amended statute violated the Ex Post Facto Clause. The Government agreed that Bayless should not have been sentenced under the amended statute. Although Bayless had not raised the issue in his direct appeal, the district court found it could consider the issue's merits because Bayless was sentenced under the wrong statute. *See Jones v. Arkansas*, 929 F.2d 375, 381 (8th Cir.1991) (applying procedural default's actual innocence exception to defendant sentenced under an inapplicable statute). The district court found Bayless's participation in the conspiracy ended in September 1986, before § 841(b)(1)(B) was amended. Because the sentencing court had erroneously believed it could not sentence Bayless to a parolable term, the district court granted Bayless's § 2255 motion in part.

At Bayless's resentencing, the original sentencing judge did not preside. A different judge was provided with a supplemental presentence report (PSR). Like the original PSR, the supplemental PSR stated the overall scope of the conspiracy involved distribution of 130 kilograms of cocaine and between 31,200 and 35,100 pounds of marijuana. The PSR did not attribute any specific quantities to Bayless. Instead, the PSR referred to testimony at the coconspirators' trial estimating that in 1984 and 1985 an informant bought cocaine from Bayless "approximately 100 times in quantities ranging from grams to ounces." Bayless objected to the PSR's drug quantity estimate asserting he should not be held accountable for the entire amount, which encompassed the coconspirators' activities after his withdrawal, and to the PSR's characterization of his role in the offense. Bayless acknowledged he could be held accountable for ten to twelve pounds (about 4.5 to about 5.5 kilograms) of cocaine, and this amount supported a ten-year sentence. Nevertheless, Bayless asked the court to make a specific quantity finding because the quantity would affect the amount of time Bayless would have to serve in prison before being paroled. The district court stated that the disputed drug amount would not affect Bayless's sentence, and the court would not consider Bayless's role in the offense when imposing the sentence. The district court resentenced Bayless to the same ten-year term of imprisonment, but stated Bayless would be eligible for release on parole after serving one-third of his sentence. *See* 18 U.S.C. § 4205(a), (b) (repealed effective Nov. 1, 1992).

■ On appeal, Bayless contends the district court's failure to make specific findings about drug quantity and his role in the offense, and its failure to attach written findings to the PSR, violates Federal Rule of Criminal Procedure 32(c)(3)(D).

When a defendant challenges the factual accuracy of information contained in the PSR, Federal Rule of Criminal Procedure 32(c)(3)(D) gives a district court two options. The district court must either make specific findings resolving the disputed matters, or decide no findings are necessary because the contested information will not be considered at sentencing. Fed.R.Crim.P. 32(c)(3)(D); *United States v. Candie*, 974 F.2d 61, 64 (8th Cir.1992). To provide a clear record of the

disposition of the PSR's disputed facts for appellate courts and agencies like the Parole Commission, Rule 32 also requires a district court to attach a written record of the court's specific findings resolving the disputes, or a written decision identifying the disputed matters and concluding that findings are unnecessary, to any copy of the PSR provided to the Bureau of Prisons. Fed.R.Crim.P. 32(c)(3)(D); *id.* advisory committee's note to 1983 amendment; *Candie,* 974 F.2d at 64; *see United States v. Coonce,* 961 F.2d 1268, 1277 (7th Cir.1992) (purpose of attachment requirement).

Here, the district court complied with Rule 32(c)(3)(D) by deciding no findings were necessary because the disputed drug quantity and Bayless's role in the offense would not be considered at sentencing. Indeed, Bayless concedes the disputed matter does not affect his sentence, but contends the district court should have made findings anyway because the contested information affects his offense severity rating on the parole guideline worksheet. *See* 28 C.F.R. § 2.20 (1993); *United States v. Boatner,* 966 F.2d 1575, 1579 (11th Cir.1992) (explaining Parole Commission's decision making in pre-Guidelines cases). Bayless's contention simply ignores that the district court need only satisfy Rule 32, which does not require a district court to make specific findings if the disputed matter does not affect the defendant's sentence. *See United States v. Beatty,* 9 F.3d 686, 689 (8th Cir.1993) (compliance with Rule 32(c)(3)(D) satisfies defendant's concerns about prison officials relying on unfounded, detrimental information in PSR); Fed. R.Crim.P. 32(c)(3)(D) advisory committee's note to 1983 amendment (explaining that attachment requirement prevents Parole Commission from relying on unresolved challenged facts in the PSR). Although the drug quantity and Bayless's role in the offense will affect the time of his parole, Bayless can contest these disputed facts in administrative proceedings before the Parole Commission. *See United States v. Johnson,* 767 F.2d 1259, 1276 & n. 13 (8th Cir.1985); 28 C.F.R. § 2.19(c) (1993).

■ The record does not show whether the district court attached a written decision to the supplemental PSR as Rule 32(c)(3)(D) requires, but we need not remand this case. Instead, we instruct the district court to determine whether it attached a written decision to the supplemental PSR in the Bureau of Prison's possession. If not, the district court must send the Bureau of Prisons a new copy of the supplemental PSR with an attachment identifying the disputed matters and stating the district court made no findings resolving the disputes because the contested information was not considered at sentencing. *See United States v. Rodriguez–Luna,* 937 F.2d 1208, 1213–14 (7th Cir.1991); *United States v. Houtchens,* 926 F.2d 824, 828–29 (9th Cir.1991).

We affirm the district court.

HEANEY, Senior Circuit Judge, dissenting.

James Bayless asks this court to direct the sentencing court either to remove items not relied upon from his PSR or to determine the accuracy of those items. The majority responds by instructing the district court to ensure that it fully complied with Federal Rule of Criminal Procedure 32(c)(3)(D). Although I agree that such compliance is mandated both by the rule and by our previous decisions, I do not believe that the majority's instructions go nearly far enough. Rather, I believe the court should exercise its supervisory power over the district courts in this circuit and remand this case to the district court with instructions either to determine the accuracy of the disputed material in Bayless's PSR or to have it stricken.

The Supreme Court and the courts of appeals have long recognized their authority and their responsibility, when " 'considerations of justice' " require, to "formulate procedural rules not specifically required by the Constitution or the Congress." *United States v. Hasting,* 461 U.S. 499, 505, 103 S.Ct. 1974, 1978, 76 L.Ed.2d 96 (1983) (quoting *McNabb v. United States,* 318 U.S. 332, 341, 63 S.Ct. 608, 613, 87 L.Ed. 819 (1943)). The Supreme Court has recognized three purposes for the exercise of our supervisory powers, the first of which is "to implement a remedy for violation of recognized rights." *Id.*

That prisoners have a right to have their parole determinations and conditions of confinement based on accurate data cannot honestly be disputed. Such a right is implicit in the requirements of Rule 32(c)(3)(D), *see Poor Thunder v. United States,* 810 F.2d 817, 824 (8th Cir.1987) ("determinations by the Bureau of Prisons as to appropriate placement and treatment of prisoners, and by the United States Parole Commission as to parole, should be based on accurate information"), but sentencing courts that merely satisfy the requirements of the rule may contribute to a future violation of this right. "Indeed, it may be argued that the [r]ule effectively frustrates the congressional intent of preventing controverted matters from influencing decisions by the Bureau of Prisons and the Parole Commission." *United States v. Fernandez–Angulo,* 863 F.2d 1449, 1457 n. 7 (9th Cir.1988) (Keller, J., writing for himself), *on rehearing,* 897 F.2d 1514 (9th Cir. 1990) (en banc).

This right is not merely a technical one, as this court recognized in *Poor Thunder,* in which we held that failure to comply with Rule 32(c)(3)(D) constitutes " 'an omission inconsistent with the rudimentary demands of fair procedure,' " and that such violations of the rule are cognizable on collateral attack under 28 U.S.C. § 2255. *Poor Thunder,* 810 F.2d at 822–23 (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). Elsewhere we have held that compliance with the rule's demands is mandatory " 'because of the great reliance placed on presentence investigation reports by courts and the Bureau of Prisons and the Parole Commission.' " *United States v. Shyres,* 898 F.2d 647, 658 (8th Cir.) (quoting *United States v. Garbett,* 867 F.2d 1132, 1136 (8th Cir.1989)), *cert. denied,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990).

This is not a rule that we have allowed the district courts to shrug off lightly, and yet our holding today and previous holdings simply addressing the narrow requirements of the rule, *see, e.g., United States v. Beatty,* 9 F.3d 686 (8th Cir.1993), appear to assume that improper collateral effects of erroneous information in PSRs will somehow be remed-ied at a later date. *See supra* at 412. Such an assumption is ill-founded, for

> [a]lthough the Parole Commission must itself resolve factual disputes and has a mechanism for doing so, *see* 28 C.F.R. § 2.19(c), the reality is that prisoners have limited means of challenging facts relayed by the government. They rarely have the benefit of counsel, and parole officials necessarily rely on hearsay evidence. Obtaining the testimony of witnesses may be impossible. Certainly, the better practice is for a probation officer to put in the PSI all information necessary for a guideline determination [by the Parole Commission] so that a defendant will have a meaningful opportunity at the sentencing hearing to challenge the government's contentions on the facts that form a basis for the parole determination.

*United States v. Katzin,* 824 F.2d 234, 239 (3d Cir.1987); *see also* Keith A. Findley & Meredith J. Ross, Comment, *Access, Accuracy and Fairness: The Federal Presentence Investigation Report Under* Julian *and the Sentencing Guidelines,* 1989 Wis.L.Rev. 837, 878. The rationale for requiring sentencing courts to resolve disputes over facts relevant to conditions of confinement is even stronger than that regarding parole determinations, because, to my knowledge, the Bureau of Prisons has no mechanism similar to that in 28 C.F.R. § 2.19(c), imperfect as that mechanism is.

> Though I do not in any way challenge the integrity of those who keep our penal system functioning, if the goal is to avoid improper consideration of controverted allegations [by the Bureau of Prisons and the Parole Commission], it is seemingly more sensible simply to have the district judge strike from the presentence report any controverted material which he or she does not consider when determining the appropriate sentence.

*Fernandez–Angulo,* 863 F.2d at 1457 n. 7 (Keller, J., writing for himself).

We would not be the first court to invoke our supervisory power in the sentencing context. The Third Circuit requires that district courts make specific findings on the record of a defendant's ability to pay restitution under

both the Probation Act and the Victim and Witness Protection Act, though neither statute so requires. *See United States v. Pollak,* 844 F.2d 145, 155–56 (3d Cir.1988). The Eleventh Circuit requires that district courts "elicit fully articulated objections, following the imposition of sentence, to the court's ultimate findings of fact and conclusions of law." *United States v. Jones,* 899 F.2d 1097, 1102 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds, United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993); *see also United States v. Nyhuis,* 8 F.3d 731, 743 (11th Cir.1993). And the Ninth Circuit requires that probation officers, as arms of the court, "honor a defendant's request that his attorney be permitted to accompany him to the presentence interview." *United States v. Herrera–Figueroa,* 918 F.2d 1430, 1434–37 (9th Cir.1990). Each of the circuits imposed these requirements under their supervisory powers.

The Ninth Circuit decision is particularly instructive because one of the rationales for exercising supervisory power in that case was that the probation officer's refusal to honor the defendant's request that he be accompanied by his attorney "was not an isolated occurrence but the product of a patchwork system under which different probation officers follow different policies with respect to such requests." *Id.* at 1434. Similarly, I am certain that some of the district courts within the Eighth Circuit accommodate defendants' requests either to make findings or to strike material that may affect either their conditions of confinement or their parole determinations. Courts did so prior to the enactment of Rule 32(c)(3)(D), and I assume that some continue to do so. These courts, which I assume only constitute a minority of the courts within the circuit, probably only do so as they see fit, however, for we have made clear in the past that the rules impose no such requirements. We should remedy this inconsistent treatment by requiring that all district courts follow such a rule.

I recognize, in conclusion, that the majority does not address this argument because, as is its prerogative, it need not address arguments that have not been raised by the parties. We have, however, exercised our supervisory power *sua sponte* in past cases, *see Reserve Mining Co. v. Lord,* 529 F.2d 181, 188 (8th Cir.1976), and we should do so here. At a minimum, this argument is left to be raised in future cases, in this circuit and others, by similarly situated defendants.