**UNITED STATES of America, Appellee,**

v.

**Rowland F. ZERBA, Jr., Appellant.**

**No. 93–3282.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1994.

Decided April 7, 1994.

Rehearing Denied May 5, 1994.

Winston Hobson (argued), Des Moines, IA, for appellant.

Clifford Wendel (argued), Des Moines, IA, for appellee.

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.

STROM, District Judge.

Rowland F. Zerba, Jr., was indicted by the federal grand jury for the Southern District of Iowa in a six count, superseding indictment. He appeals from his convictions of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2), and of harboring a fugitive in violation of 18 U.S.C. § 1071 (Count 5). Zerba also appeals the district court's application of the United States Sentencing Guidelines. Zerba does not appeal his convictions under 18 U.S.C. § 924(c)(1), (2), for the use of a firearm during and in relation to drug trafficking (Count 3) or for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 6). Zerba was not charged in Count 4.

Zerba raises three grounds for reversal: (1) that there was insufficient evidence to find that he was a co-conspirator, (2) that marijuana found during the search of Rich-

* The Honorable Lyle E. Strom, Chief Judge, District of Nebraska, sitting by designation.

ard Florke's residence should have been excluded as improper Rule 404(b) evidence, and (3) that there was insufficient evidence to prove that Zerba harbored or concealed Deborah Benson to avoid her detection and arrest. Zerba also asks the court to vacate his 352· month sentence because the district court erred in increasing his offense level by two levels. We affirm.

## DISCUSSION

### Sufficiency of the Evidence

Zerba claims that the evidence elicited at trial was insufficient to support the jury's finding that he was involved in a drug conspiracy. He argues that the evidence shows he was merely a drug user rather than a coconspirator. According to Zerba, the trial testimony showed that he was, "at worst," a customer of a drug business (App.Br. p. 14). Zerba also challenges the veracity of the coconspirators' testimony. He suggests that because most were cooperating with the hope of a reduced sentence, their testimony is suspect.

In evaluating the sufficiency of the evidence, we examine the evidence in the light most favorable to the government. *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974). The government receives the benefit of all inferences that may reasonably be drawn from the evidence. *Id.* Furthermore, the jury, not the reviewing court, evaluates the credibility of witnesses and weighs their testimony. *United States v. Mallen,* 843 F.2d 1096, 1099 (8th Cir.), *cert. denied,* 488 U.S. 849, 109 S.Ct. 130, 102 L.Ed.2d 103 (1988). This court gives due regard to a district court's credibility determinations unless they are clearly erroneous, *United States v. Miller,* 943 F.2d 858, 860 (8th Cir.1991).

After carefully reviewing the testimony of each witness we are satisfied that the evidence presented was sufficient to support the drug conspiracy conviction. The evidence shows that Zerba lived with Deborah Benson, an admitted methamphetamine dealer, for an extended period of time and that he often assisted her and others in the buying, weighing, packaging and selling of meth-

amphetamine from 1989 to the time of his arrest. There was also evidence showing that he helped assemble a methamphetamine distribution organization in Victor, Iowa, after he and Benson moved to Brooklyn, Iowa.

Witnesses also testified that Zerba collected drug debts and that he often served as Benson's protector when she carried drugs. In addition, he was aware of the large amount of methamphetamine Deborah Jelinek stored at the Brooklyn property where he and Benson lived.

We find that the evidence was sufficient to establish that Zerba knowingly participated in agreement with another, the essential purpose of which was the distribution of methamphetamine, and therefore, sufficient to sustain a conviction for conspiracy to distribute and possess with intent to distribute methamphetamine.

The court comes to the same conclusion regarding Zerba's claim that there was insufficient evidence to support his conviction for harboring and concealing Benson. In order to prove a violation of 18 U.S.C. § 1071, the government had to establish that 1) Zerba knew that a federal warrant had been issued for Benson's arrest, 2) that Zerba engaged in physical acts that aided Benson in avoiding detection and apprehension, and 3) that Zerba intended to prevent Benson's discovery. *United States v. Udey,* 748 F.2d 1231, 1235–36 (8th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985).

The evidence supporting this conviction was more than sufficient. Benson testified that she and Zerba discussed her court date, her failure to appear, and places they could run to avoid the authorities. Indeed, Zerba and Benson drove to Oklahoma, Cedar Rapids and other places before they were arrested. We find that this and other evidence elicited at trial was sufficient to support the conviction and that the district court did not commit any error.

As for Zerba's appeal from his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2), Zer-

ba did not argue this issue in either his brief or during oral argument. However, after reviewing the trial transcript and the testimony of all of the witnesses, the court finds the evidence sufficient to support Zerba's conviction under Count 2.

*Marijuana Evidence*

■ Zerba also argues that the district court erred when it admitted into evidence testimony regarding the marijuana found during the search of Richard Florke's residence. Florke was a coconspirator who purchased methamphetamine from Zerba. Because he was not charged with an offense involving marijuana, Zerba argues, this testimony undermined the fairness of the trial. The government argues that the marijuana evidence shows Zerba's intent and knowledge of the crime or crimes involving the conspiracy to distribute and the distribution of methamphetamine. Therefore, its introduction as prior bad acts pursuant to Rule 404(b) Federal Rules of Evidence, coupled with a cautionary instruction from the court, was proper.

■ Counsel for Zerba did not object to this evidence when it was initially elicited during Florke's testimony. Instead, counsel objected when related questions were later asked of Officer Fred Oster and Karl Frazenburg, a chemist with the Iowa Division of Criminal Investigation. This court has held that an objection is not timely where counsel makes the objection only after a witness has answered questions on the subject of the objection. *McAlinney v. Marion Merrell Dow, Inc.*, 992 F.2d 839, 844 (8th Cir.1993). Failure to object to questions at the earliest opportunity constitutes a waiver of the right to argue on appeal that the questions were improper, absent plain error. *Id.* We find none here. We have reviewed the trial transcript and find that any error in permitting the examination of Oster and Frazenburg over counsel's objection was harmless since Florke had already testified without objection that the marijuana found under his home belonged to Zerba.

*Enhancement for Obstruction of Justice*

■ Finally, we address Zerba's argument that the district court erred in increasing his offense level by two levels pursuant to U.S.S.G. § 3C1.1.[1] The United States Sentencing Guidelines provide: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. The commentary to section 3C1.1 adds: "The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies: (e) escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding."

We review the district court's findings in support of a section 3C1.1 enhancement on the clearly erroneous standard. *United States v. Adipietro*, 983 F.2d 1468, 1479 (8th Cir.1993). Zerba was convicted of harboring a fugitive. The district court noted at the sentencing hearing that the jury was "absolutely correct in doing so" and that Zerba "clearly obstructed justice by aiding and abetting Ms. Benson to evade the law for approximately a two-month period" (Sen.Tr. p. 63). The district court's findings were not clearly erroneous and accordingly we affirm the application of the Sentencing Guidelines.

## CONCLUSION

The appellant has failed to present any argument justifying a reversal of his convictions or a remand for resentencing. We find no error. Accordingly, the convictions and sentencing of the appellant are affirmed.

---

**1.** In his brief, Zerba asks the court to vacate his sentence because of the district court's improper "departure" from the sentencing guidelines. The court did not depart from the guidelines in sentencing the defendant. The issue simply is whether a two level enhancement for obstruction of justice was appropriate in determining defendant's offense level.