UNITED STATES of America, Appellee,

v.

Robert Kent SMITH, Appellant.

No. 94–1962.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1994.

Decided Nov. 16, 1994.

Michael Dwyer, Federal Public Defender, St. Louis, MO, argued, for appellant.

Thomas J. Mehan, St. Louis, MO, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Robert Kent Smith appeals from a judgment of the district court[1] entered upon a jury verdict finding him guilty of bank robbery in violation of 18 U.S.C. § 2113(a). On appeal, he challenges both his conviction and sentence. We affirm.

### BACKGROUND

On June 18, 1993, Smith entered the First Financial Bank of St. Louis, Missouri and demanded money from one of its tellers, Renee Ferguson. Ferguson obliged Smith by handing him a large envelope containing both $3,660.21 in currency and an exploding dye pack. Shortly after Smith left the bank, the dye pack exploded. Smith was then apprehended by an off-duty St. Louis Metropolitan police officer who, at the time of the

dye pack's explosion, was in the bank's vicinity.

Smith confessed to taking money from the bank and was apparently willing to plead guilty to bank larceny, 18 U.S.C. § 2113(b), a lesser-included offense of bank robbery. He refused to plead guilty to bank robbery, however, insisting that he did not take the money "by force and violence, or by intimidation" as required by 18 U.S.C. § 2113(a). Since the government insisted that Smith took the money by intimidation, the case proceeded to trial on one count of bank robbery.

At trial, Ferguson testified that while Smith was standing in front of her teller window, he stated, "Ma'am, this is a bank robbery. You are being robbed." Ferguson further testified that when she failed to promptly open her cash drawer, Smith unbuttoned the lower portion of his shirt and held his hand inside. This gesture, she testified, frightened her because she thought Smith had a gun. Another teller, Leona Webster, testified that while Smith was inside the bank, the lower portion of his shirt was unbuttoned. Webster also testified that she knew a bank robbery was occurring by looking into Ferguson's eyes. Finally, the government introduced at least one photograph depicting Smith holding his right hand inside his shirt while standing in front of Ferguson's teller window.

### DISCUSSION

#### I.

Smith first attacks his conviction by challenging the sufficiency of the evidence. He argues that the testimony of the two government witnesses, Ferguson and Webster, was "incredible as a matter of law" and could not have provided a basis for the jury's finding of intimidation. To buttress his argument, he points to several inconsistencies in the testimony of both witnesses concerning his attire. Smith also argues that because Ferguson retained approximately $8,500.00 in her teller drawer, she was not intimidated.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

"In evaluating the sufficiency of the evidence, we examine the evidence in the light most favorable to the government." *United States v. Zerba,* 21 F.3d 250, 252 (8th Cir.1994). "The government receives the benefit of all inferences that may reasonably be drawn from the evidence." *Id.* A reversal is in order only if we conclude that a reasonable factfinder could not have found guilt beyond a reasonable doubt. *United States v. Smith,* 973 F.2d 1374, 1377 (8th Cir.1992).

In this case, without doubt, there was sufficient evidence of intimidation. First, Smith's attack on the inconsistent testimony of Ferguson and Webster goes solely to credibility. "[T]he jury, not the reviewing court, evaluates the credibility of witnesses and weighs their testimony." *Zerba,* 21 F.3d at 252. Moreover, the testimony of both Ferguson and Webster regarding the placement of Smith's right hand in his shirt was strongly corroborated by the government's photograph. Second, the mere fact that Ferguson retained a sum of money in her teller drawer does not preclude a finding of intimidation. "Intimidation involves doing something that would make an ordinary person in the teller's position fear bodily harm...." *Smith,* 973 F.2d at 1377. Indeed, on almost identical facts, in *Smith* we found sufficient evidence of intimidation based on a teller's testimony that a defendant "gestured in a manner that made him appear to have a weapon." *Id.*[2]

Smith next argues that the district court erred in submitting Instruction 14 to the jury, a pattern jury instruction on specific intent. The first sentence of the challenged instruction was as follows: "The crime charged in this case is a serious crime which requires proof of specific intent before the defendant can be convicted." Smith contends this instruction had a prejudicial effect on the jury because the characterization of bank robbery as a "serious crime" implied that "the jury should judge [Smith] harshly and consistent with the greater offense of bank robbery and not the lesser offense of bank larceny." He also argues that the sub-mitted instruction eased the prosecution's burden of persuasion in violation of due process.

The district court has broad discretion in choosing the form and language of jury instructions. *United States v. Lyon,* 959 F.2d 701, 706 (8th Cir.1992). Furthermore, " '[a] single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *United States v. West,* 28 F.3d 748, 750 (8th Cir.1994) (quoting *Boyde v. California,* 494 U.S. 370, 378, 110 S.Ct. 1190, 1197, 108 L.Ed.2d 316 (1990)). In context, we find no error in the district court's submission of Instruction 14 to the jury.

## II.

We now turn to the sentencing issues Smith raises here. His presentence report (PSR) revealed a criminal history category of IV, and a base offense level of 20 with an upward adjustment of two points for taking the property of a financial institution. U.S.S.G. § 2B3.1(b)(1). The Guidelines range for Smith's conduct and criminal history was 63 to 78 months. Based upon his partial confession and willingness to plead guilty to bank larceny, Smith requested a two-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. The district court denied Smith's request, in part, because he forced the government to go to trial and prove the element of intimidation. The district court then sentenced Smith to 72 months in prison followed by a supervised release term of two years.

Smith argues that, by denying his request for a reduction for acceptance of responsibility, the district court wrongfully punished him for exercising his constitutional right to a jury trial. This argument is without merit. We have previously held that section 3E1.1 does not punish a defendant for exercising his constitutional right to a jury trial. *United States v. Young,* 875 F.2d 1357, 1360–61 (8th Cir.1989). Under section 3E1.1, an acceptance-of-responsibility reduction is

---

**2.** The appellant Smith in the cited case is not the same individual as the appellant Smith in the instant case.

simply "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying factual elements of guilt." U.S.S.G. § 3E1.1, comment. (n. 2); *see United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir.1994); *United States v. King,* 36 F.3d 728, 734–35 (8th Cir.1994). Only in "rare situations" may a defendant demonstrate an acceptance of responsibility after exercising his constitutional right to trial. U.S.S.G. § 3E1.1, comment. (n. 2); *see United States v. Unzueta–Gallarso,* 96 F.2d 390, 391 (8th Cir.1992) (per curiam). No such situation is presented here. *See United States v. Carroll,* 6 F.3d 735, 741 (11th Cir. 1993) ("Defendant's acknowledgement of lesser-included offense ... did not amount to acceptance of responsibility under § 3E1.1"), *cert. denied,* — U.S. —, 114 S.Ct. 1234, 127 L.Ed.2d 577 (1994).

■ The next sentencing issue Smith raises concerns the "Offender Characteristics" section of his PSR, which alleged he was an alcoholic and had physically abused his former wife. Before sentencing, Smith objected to the truthfulness of this material and requested that the court strike it from the PSR. He wanted the controverted material stricken because, at some point in the future, he believed it could be used to his detriment. The district court refused Smith's request, noting that Fed.R.Crim.P. 32(c)(3)(D) provides that a court does not have to make a finding as to controverted material contained in a PSR if the court does not consider it in sentencing.

Despite assurances from the district court that it would not consider the controverted material, Smith now argues that the court considered it. We disagree. The sentencing record plainly shows the district court considered none of the controverted material.

Smith also alleges error in the district court's refusal to strike the controverted material from his PSR. The district court did not err. We have consistently held that Rule 32(c)(3)(D) does not require a court to strike controverted material not considered in sentencing. *Bayless v. United States,* 14 F.3d 410, 412 (8th Cir.1994); *United States v. Beatty,* 9 F.3d 686, 689 (8th Cir.1993); *United States v. McLemore,* 5 F.3d 331, 332 (8th Cir.1993). The district court "need only satisfy Rule 32." *Bayless,* 14 F.3d at 412.[3]

Alternatively, Smith suggests that we exercise our supervisory power over the district courts and prescribe a rule requiring controverted material to be stricken even if it is not considered in sentencing. We decline to do so. *See Bayless,* 14 F.3d at 412.

### CONCLUSION

For the reasons stated, the judgment of the district court is affirmed.

---

**3.** As in *Bayless,* the record on appeal does not indicate whether the district court complied with Rule 32(c)(3)(D)'s requirement that the court attach a written decision to the PSR in the Bureau of Prison's possession in stating that the court did not consider the controverted material in sentencing. *Bayless,* 14 F.3d at 412. However, "We need not remand this case." *Id.* "Instead, we instruct the district court to determine whether it attached a written decision" and "[i]f not, ... send a new copy ... with an attachment identifying the disputed matters and stating the district court made no findings resolving the disputes because the contested information was not considered at sentencing." *Id.*