**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4614

FRANKLIN PAUL HUNT,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 96-4715

FRANKLIN PAUL HUNT,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-27-BR)

Submitted: June 18, 1997

Decided: July 10, 1997

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

No. 96-4614 affirmed and No. 96-4715 vacated in part and remanded
by unpublished per curiam opinion.

_____

**COUNSEL**

Gale M. Adams, Assistant Federal Public Defender, Fayetteville, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Peter W. Kellen, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Franklin Paul Hunt appeals his conviction for bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1997). He alleges that the district court did not properly instruct the jury on the element of intimidation. The Government cross-appeals, alleging that the district court erred in granting a downward adjustment under United States Sentencing Commission Guidelines, Guidelines Manual, § 3E1.1 (Nov. 1995). We affirm Hunt's conviction, vacate his sentence, and remand for resentencing.

I

On January 8, 1996, Hunt entered the First Citizens Bank and Trust Company in Fayetteville, North Carolina. He approached Eva Malloy at her window and said, "Let's be smooth about this." Hunt reached into his jacket and told her to give him the money. Malloy testified at trial that she went along with him because she did not know whether he had a gun or not. Hunt was within inches of Malloy's face, and told her to give him another stack of money he could see. Hunt spoke softly, and did not touch Malloy or make specific threats.

At his trial for bank robbery, Hunt did not deny that he had taken the money. His sole defense to the bank robbery charge was that he

2

had not used force, violence or intimidation, and therefore was guilty of bank larceny rather than bank robbery.

Defense counsel asked the district court for an instruction stating that intimidation must be caused by an act or statement knowingly or deliberately made in a manner reasonably calculated to produce fear of bodily harm. The district court refused, using pattern jury instructions that defined intimidation as caused by a deliberate act or statement of defendant done in such a way that it would produce that reaction in a reasonable person. Thus, the instruction did not require that the defendant intended his acts or statements to intimidate. Hunt argues this is reversible error, relying on this court's decision in United States v. Wagstaff, 865 F.2d 626, 627 (4th Cir. 1989). But our recent decision in United States v. Woodrup, 86 F.3d 359, 364 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3294 (U.S. Oct. 15, 1996) (No. 96-6025), holds that § 2113(a) does not require the government to prove an intent to intimidate. Therefore, Hunt's argument is without merit, and we affirm his conviction in No. 96-4614.

II

Following Hunt's conviction, while the probation officer was preparing his presentence report, Hunt submitted a statement that he accepted responsibility for committing bank larceny. Bank larceny is a lesser-included offense of bank robbery, which does not include the element of force, violence or intimidation. Hunt further stated that what he did was wrong and he was sorry for it.

As one of his objections to the presentence report, Hunt objected to the probation officer's use of bank robbery, under USSG § 2B3.1, rather than bank larceny, USSG § 2B1.1, for the guideline calculations. The probation officer declined the objection. Hunt also objected to the probation officer's denial of an acceptance of responsibility adjustment. The probation officer decided that, as Hunt was convicted of bank robbery, his statement denied an essential element of his guilt, and he did not deserve the acceptance of responsibility reduction.

At sentencing, the district court overruled Hunt's objection to the use of the bank robbery guideline to calculate his offense level, but

3

ruled that Hunt was entitled to the acceptance of responsibility adjustment, USSG § 3E1.1. Hunt's total offense level was reduced from 32 to 30, with a resulting reduction in the sentencing range. He was sentenced to 168 months imprisonment, followed by thirty-six months of supervised release, with restitution of $2563 and a fine of $6269. The Government appeals the acceptance of responsibility adjustment.

III

Under 18 U.S.C.A. § 3742(e) (West Supp. 1997), we may review the sentence imposed by the district court, and "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." Under USSG § 3E1.1, the offense level may be decreased by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense. Truthfully admitting the conduct comprising the offense of conviction is one consideration in applying this guideline." Comment. (n.1(a)). The adjustment is not meant to apply to one who "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Comment. (n.2). In rare cases, one who goes to trial may still have demonstrated acceptance of responsibility--for example, where one goes to trial to preserve issues unrelated to factual guilt. "In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." (Id.) The decision of the sentencing judge in this regard is entitled to great deference, comment. (n.5), and we review it only for clear error. United States v. Holt, 79 F.3d 14, 17 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9448).

We find the Government persuasive on this issue. In United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir. 1990), Gordon was convicted of intent to distribute cocaine. At sentencing, he admitted his guilt to simple possession and sought the USSG § 3E1.1 reduction, arguing that any retrial following appeal would be meaningless if he had admitted his guilt to the distribution charges. The district court rejected the argument. On appeal, this Court held, "Indeed, Gordon's claim that he was entitled to this mitigating factor while at the same

4

time denying the criminal conduct for which he was convicted by a jury borders on the frivolous." Id. at 937.

In United States v. Muldoon, 931 F.2d 282, 289 (4th Cir. 1991), the government cross-appealed the district court's decrease for acceptance of responsibility. Muldoon had attempted to plead guilty to bribery pursuant to a plea agreement conditioned on his appeal of a wiretapping issue. The government declined that condition, but agreed with all other provisions. Muldoon went to trial and was convicted of bribery. His defense at trial was that he was guilty of accepting illegal gratuities, a lesser offense of bribery. At sentencing, the district court awarded him the acceptance of responsibility adjustment. This Court held that Muldoon's acceptance of responsibility was one of the rare cases where a defendant who had gone to trial could still claim the adjustment. Muldoon offered to plead guilty to the greater offense before trial, with a reservation of an issue unrelated to guilt or innocence. He did not testify at trial or offer any evidence. Counsel argued at trial only that Muldoon was guilty of the lesser offense rather than the greater. "It is Muldoon's pretrial offer to plead guilty to the greater offense of bribery that distinguishes his situation from Gordon's." Id. at 289. See also United States v. Smith, 40 F.3d 933 (8th Cir. 1994) (upholding the district court's ruling that defendant's admission of the elements of bank larceny does not suffice under USSG § 3E1.1 where the conviction is for bank robbery).

We conclude that the district court was clearly erroneous in allowing Hunt the acceptance of responsibility adjustment under USSG § 3E1.1. In No. 96-4614, we affirm his conviction for bank robbery. As to No. 96-4715, we vacate Hunt's sentence, and remand the case to the district court for resentencing without the USSG § 3E1.1 adjustment.

No. 96-4614--AFFIRMED

No. 96-4715--VACATED IN PART AND REMANDED

5