# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3776
_____

United States of America

*Plaintiff - Appellee*

v.

William Stegmeier

*Defendant - Appellant*

------------------------------

Second Amendment Foundation; Montana Shooting Sports Association; The Fully Informed Jury Association

*Amici on Behalf of Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted:  October 19, 2012
Filed:   December 13, 2012

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

William "Bill" Stegmeier was convicted of harboring a fugitive and providing a firearm to a prohibited person after allowing a felon to stay in his recreational vehicle. He appeals his conviction for insufficiency of the evidence, improper use of a special verdict form, and faulty jury instructions. Stegmeier also contends that the firearm conviction violates his Second Amendment rights. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Thomas R. Kelley was convicted on several tax and financial charges. In August 2010, he failed to appear for sentencing, becoming a fugitive from justice. Kelley asked his friend Stegmeier for a place to stay. Stegmeier permitted Kelley to stay in his recreational vehicle, which was parked at Stegmeier's home in South Dakota. As Stegmeier gave Kelley a tour of the RV, Stegmeier told him there was a handgun in the closet. Stegmeier said nothing about his permission (or lack thereof) to touch or use the firearm.

A few weeks later, Stegmeier's company began a project in Minnesota. Kelley joined the project as an independent contractor. The two men took the RV to Minnesota. Once there, Kelley continued to reside in the RV. To pay Kelley for his work on the project, the company secretary made checks out to "Cash," Stegmeier cashed them, and gave the proceeds to Kelley. This arrangement was unique to Kelley.

A company employee testified that Stegmeier showed him a website listing Kelley as the number two most-wanted-man in the county. Another employee contradicted that testimony. At some point, Kelley moved the RV into a metal shed, which he claims was to keep it out of the cold. Through an anonymous tip, authorities

learned Kelley's whereabouts and arrested him in December 2010.[1] Stegmeier consented to a search of the RV and disclosed that the closet contained a firearm. The police located the gun in a compartment next to the bed, near Kelley's wallet. Stegmeier told police that Kelley "must have moved it."

Stegmeier was charged with harboring a fugitive, accessory to failure to appear, and providing a firearm to a prohibited person. The government dismissed the accessory charge, and a jury convicted Stegmeier on the remaining two counts. Stegmeier appeals, arguing that the evidence was insufficient. He also alleges that the district court[2] erred by using a special verdict form and giving improper jury instructions. Finally, Stegmeier invokes his Second Amendment rights.

## II.

Stegmeier contends that there was insufficient evidence to convict him of harboring a fugitive and providing a firearm to a prohibited person. This court reviews de novo the denial of a motion for acquittal based on insufficiency of the evidence. *United States v. Burrage*, 687 F.3d 1015, 1023 (8th Cir. 2012).

> On review, evidence is viewed most favorably to the verdict, giving it the benefit of all reasonable inferences. Reversal is appropriate only where no reasonable jury could find all the elements beyond a reasonable doubt. This court does not weigh the credibility of the witnesses or the evidence. The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict.

*Id.*, *quoting* *United States v. Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011).

---

[1]Kelley was convicted for his failure to appear. In a consolidated appeal, this court affirmed his convictions. *United States v. Kelley*, 477 F. Appx. 401 (8th Cir. 2012).

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

A.

Harboring a fugitive under 18 U.S.C. § 1071 has three elements: "(1) the defendant had specific knowledge that a federal warrant had been issued for the person's arrest, (2) the defendant harbored or concealed the person for whom the arrest warrant had been issued, and (3) the defendant intended to prevent the person's discovery and arrest." *United States v. Hayes*, 518 F.3d 989, 993 (8th Cir. 2008), *citing United States v. Hash*, 688 F.2d 49, 52 (8th Cir. 1982) (per curiam).

Stegmeier characterizes the evidence of his knowledge of Kelley's fugitive status as "slender and contested." This court does not, however, make credibility determinations – those determinations are left to the jury. *United States v. Van Nguyen*, 602 F.3d 886, 901 (8th Cir. 2010). According to the evidence, in 2010 Stegmeier knew Kelley was facing criminal tax charges. A coworker testified that Stegmeier discovered that Kelley was number two on the county's most-wanted-list. Kelley's wife testified that while visiting Kelley and Stegmeier, they openly discussed that Kelley was on the run. Viewing the evidence most favorably to the verdict, there is sufficient evidence that Stegmeier knew of Kelley's fugitive status.

Stegmeier asserts that there is no evidence of a physical act, which is required to show concealment of the fugitive. *United States v. Zerba*, 21 F.3d 250, 252 (8th Cir. 1994). Providing the fugitive a place to stay, however, satisfies the requirement for physical assistance. *United States v. Erdman*, 953 F.2d 387, 391 (8th Cir. 1992). While the defendant in *Erdman* did more than provide a place to stay, this court listed that as one fact that the jury could have relied on. *See id.* This court reaffirmed that view in *Hayes*, where the defendant argued that lying to the police was insufficient to convict her of harboring. *Hayes*, 518 F.3d at 994. This court held that she did more than lie: "she continued to provide [the fugitive] a place, or shelter, in which he could attempt to avoid apprehension." *Id.* Stegmeier similarly provided shelter to Kelley.

Further, Kelley's wife testified that Stegmeier stated he "would hide him" if authorities arrived.

Stegmeier notes that most reported cases of harboring a fugitive involve lying to the police, but this is not a requirement. *See, e.g.*, ***United States v. Hudson***, 102 F. Appx. 127, 132-33 (10th Cir. 2004) (upholding a harboring conviction absent a finding that the defendant lied to the police); ***United States v. Hill***, 279 F.3d 731, 738 (9th Cir. 2002) (same); ***United States v. Green***, 180 F.3d 216, 221 (5th Cir. 1999) (same). Specific knowledge of fugitive status, a physical act, and the intent to conceal is all that is required. ***Zerba***, 21 F.3d at 252. Stegmeier gave Kelley a place to stay, employed him, accompanied him to Minnesota, and engineered a pay arrangement that avoided reporting to the government. There is sufficient evidence to convict Stegmeier of harboring a fugitive.

B.

Stegmeier believes the evidence was insufficient to convict him of providing a firearm to a prohibited person. "It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person [is a prohibited person] . . . ." **18 U.S.C. § 922(d)**. Prohibited persons include felons and fugitives. ***Id.* § 922(d)(1)**, **(2)**. Stegmeier contends that he did not "dispose of" the firearm to Kelley.

"To dispose of" occurs when a recipient "'comes into possession, control, or power of disposal of a firearm.'" ***United States v. Monteleone***, 77 F.3d 1086, 1092 (8th Cir. 1996), *quoting* ***Huddleston v. United States***, 415 U.S. 814, 823 (1974). The Seventh Circuit questioned this court's definition in *Monteleone*, however, on two grounds: (1) because Monteleone's conviction was reversed on other grounds, the "dispose of" discussion is dicta; (2) reliance on *Huddleston* is improper because the statute there covered "acquiring" a firearm, not "dispose of" a firearm. ***United States***

***v. Jefferson***, 334 F.3d 670, 674 (7th Cir. 2003). The Seventh Circuit then approved this definition of "dispose of": "to transfer a firearm so that the transferee acquires possession of the firearm." ***Id.*** at 675.

Under either definition, a recipient's possession is sufficient proof that a defendant disposed of a firearm. Constructive possession is "control over the place where the firearm was located, or control, ownership, or dominion of the firearm itself." ***United States v. Perez***, 663 F.3d 387, 391 (8th Cir. 2011), *quoting **United States v. Cox***, 627 F.3d 1083, 1085 (8th Cir. 2010). Even assuming Stegmeier did not give Kelley title or ownership of the firearm, he did give Kelley full, unrestricted control over the RV where the firearm was. Stegmeier believes that the district court knew the case was weak because there was no evidence that Kelley actually possessed the firearm. However, the jury may use circumstantial evidence. ***Id.***; ***Sera v. Norris***, 400 F.3d 538, 544 (8th Cir. 2005). It heard evidence that Stegmeier gave Kelley access to the entire RV and disclosed the specific location of the firearm. When police located it outside of the closet – near Kelley's wallet – Stegmeier said that Kelley "must have moved it." There is sufficient evidence for the jury to find that Stegmeier provided a firearm to a prohibited person.

### III.

Stegmeier and two amici[3] contend that upholding the conviction violates his Second Amendment rights. They believe it amounts to "host liability," whereby hosts are guilty of providing a firearm to a prohibited person by inviting them into a home that has a gun. This court reviews alleged constitutional errors de novo. ***United States v. Sweeney***, 611 F.3d 459, 473 (8th Cir. 2010). This court need not address

---

[3]The Second Amendment Foundation and the Montana Shooting Sports Association.

constitutional issues unless required to do so to decide the case. *Cochenour v. Cochenour*, 888 F.2d 1244, 1245-46 (8th Cir. 1989).

The Second Amendment guarantees the right to keep a weapon in one's home, especially for the purpose of self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). That right is not unlimited. The Supreme Court recognized the continued validity of statutes prohibiting felons from possessing firearms. *Id.* at 626-27. "Host liability" is not raised by the facts of this case. Stegmeier did not violate the statute by merely inviting Kelley into his home. Rather, he gave Kelley control of the RV for approximately three months and specifically disclosed the location of the firearm.

Because the facts of this case do not present the issue of host liability, this court need not entertain the constitutional implications of that argument. The conviction did not violate Stegmeier's Second Amendment rights.

IV.

Over Stegmeier's objection, the district court used a special verdict form. The use of a special verdict form is reviewed for abuse of discretion. *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005).

The firearm charge required the government to prove that Stegmeier disposed of a weapon to a prohibited person. **18 U.S.C. § 922(d)**. There are four classes of prohibited persons – relevant here are (1) felon and (2) fugitive. *Id.* **§ 922(d)(1), (2)**. The district court sought to ensure that the jury reached unanimity that Stegmeier knew Kelley was a felon, and/or unanimity that Stegmeier knew he was a fugitive. In addition to so instructing the jury, the district court required the jury to answer special interrogatories:



Did you unanimously agree that the defendant knew or had reasonable cause to believe that Thomas R. Kelley had been convicted of a crime punishable by imprisonment for a term exceeding one year?
\_\_\_\_ YES         \_\_\_\_ NO

Did you unanimously agree that the defendant knew or had reasonable cause to believe that Thomas R. Kelley was a fugitive from justice?
\_\_\_\_ YES         \_\_\_\_ NO

Stegmeier objected to both special interrogatories during and after trial.[4] The district court denied relief both times. According to the district court, the use of the special verdict form was for Stegmeier's benefit, ensuring that the jury reached specific unanimity and clarifying its findings for appeal.

The use of a special verdict form is generally disfavored in criminal cases. *Gray v. United States*, 174 F.2d 919, 923-24 (8th Cir. 1949); *United States v. Pierce*, 479 F.3d 546, 551 (8th Cir. 2007). Special verdict forms are appropriate and effective in some circumstances. *United States v. Ryan*, 9 F.3d 660, 670-71 (8th Cir. 1993), *vacated in part on other grounds but reinstated as to the special verdict form*, 41 F.3d 361, 362 (8th Cir. 1994) (en banc).

Stegmeier is correct that, contrary to the district court's ruling, the charge in this case is not duplicitous. Duplicity occurs when distinct and separate *offenses* are joined together in the same count. *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011), *citing United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997). Duplicity is problematic because it "might lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense." *Id.*, *citing Nattier*, 127 F.3d at 657. The firearm count in this case is not duplicitous because it alleges one violation of one statute – providing a firearm to a felon can not be charged

---

[4]The Fully Informed Jury Association, as amicus, supports this argument on appeal.

separately from providing a firearm to a fugitive.[5] *See **United States v. Richardson***, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam) ("Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.").

Duplicitous charges, however, are not the only occasion for a special verdict form. A similar concern is present here: unanimity as to a finding of guilt. This case is an appropriate circumstance for a special verdict form. As the Ninth Circuit explained: "Where a special verdict form requires the jury to determine the occurrence of any of a series of acts, each of which is sufficient to constitute the indicted crime, the traditional concerns regarding special verdicts are not implicated." ***United States v. Reed***, 147 F.3d 1178, 1181 (9th Cir. 1998).

As in *Ryan*, this court holds that the district court did not abuse its discretion by using a special verdict form in this case.

> [T]he questions posed by the judge in the interest of clarity, completeness, and avoidance of the retrial of a lengthy case, evidence no elements of control or restriction by the court. The judge did not infringe upon the jury's power to freely deliberate, did not require the jury to justify its actions, and did not ask "why" the jury arrived at its decision. Nor did the court challenge the jury's power to ignore the court's instructions if it so desired, require the jury to set aside its most valuable asset as fact finder (collective common sense), or direct the jury, intentionally or unintentionally, to follow a course initiated by the court.

***Ryan***, 9 F.3d at 671.

---

[5]The risk of truly duplicitous charges may be cured by a limiting instruction, but no authority from this court holds that an instruction is the exclusive remedy or that a special verdict form would not be permitted. *See **United States v. Karam***, 37 F.3d 1280, 1286 (8th Cir. 1994) (holding that a limiting instruction cured the danger of a duplicitous charge).

V.

Stegmeier and amicus[6] object to two jury instructions. This court reviews the district court's formulation of instructions for abuse of discretion, and reverses only if the alleged error was prejudicial. *United States v. Mitchell*, 613 F.3d 862, 867 (8th Cir. 2010). This court will affirm if the "entire charge to the jury, when read as a whole, fairly and adequately contains the law applicable to the case." *United States v. Wisecarver*, 644 F.3d 764, 772 (8th Cir. 2011), *quoting United States v. Webster*, 442 F.3d 1065, 1067 (8th Cir. 2006).

A.

The first instruction reads:

> . . . .
> Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in this case and the instructions of the Court. . . .

Stegmeier contends that this language threatens the jury and prohibits them from exercising their right to find a verdict of not guilty on any grounds whatsoever, even if those grounds are unreasonable. To the contrary, the language is not overtly intimidating or threatening. It does not specify any punishment or direct the jury toward one verdict or the other. Stegmeier cites numerous cases holding that the jury can disregard instructions and the law, and reach any verdict they wish – even if unreasonable. *See, e.g.*, *Jackson v. Virginia*, 443 U.S. 307, 317 n.10 (1979). He cites no authority, however, holding that a jury should be instructed on that basis, or that it is an abuse of discretion to instruct the jury to base the verdict on the evidence and instructions in the case. *See, e.g.*, *United States v. Scout*, 112 F.3d 955, 961 (8th Cir. 1997) (jury-nullification instructions not required). "[F]ederal courts have uniformly

---

[6]The Fully Informed Jury Association.

-10-

recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts . . . ." ***United States v. Drefke***, 707 F.2d 978, 982 (8th Cir. 1983) (per curiam).

Further, to warrant reversal, Stegmeier must prove prejudice. ***Mitchell***, 613 F.3d at 867. Here, the instruction was not prejudicial. The instruction was beneficial to Stegmeier because it directed the jury to look at the evidence presented, thereby ignoring speculation, conjecture, or pre-conceived notions.

The district court did not abuse its discretion by giving this instruction.

B.

The second instruction reads:

> . . . .
> If both of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of Providing a Firearm to a Prohibited Person; otherwise you must find the defendant not guilty of the crime.
> . . . .

Stegmeier believes that "can" or "may" should replace the first "must" because a jury can find a defendant not guilty on any ground it wishes. This court previously rejected that argument. ***United States v. Kroh***, 915 F.2d 326, 335 (8th Cir. 1990) (en banc). Stegmeier contends that *Kroh* is not applicable because the review was only for plain error. The language of *Kroh* rebuts that argument. *See* ***id.*** ("We find that the instructions as given constitute no error *of any kind*.") (emphasis added). In any event, this court subsequently reaffirmed that *Kroh* forecloses Stegmeier's argument. ***United States v. Moore***, 149 F.3d 773, 779 n.4 (8th Cir. 1998). The logic from *Kroh* applies here: the language in the instruction does not usurp the jury's role.

The district court did not abuse its discretion by giving this instruction.

* * * * * * *

The judgment of the district court is affirmed.

_____